# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF ARKANSAS

**Jeremiah Pettis**                                                                              **Plaintiff**

**No. 3:14-CV-022-JTR**

**Carolyn W. Colvin, Acting Commissioner,**                                   **Defendant**
**Social Security Administration**

### MEMORANDUM AND ORDER AFFIRMING THE COMMISSIONER

Jeremiah Pettis seeks judicial review of the denial of his second application for social security disability benefits.[1] Pettis first applied for disability benefits, after working as an inventory counter. That job was Pettis's last substantial gainful activity.[2] Pettis bases disability on back and shoulder pain, headaches, anger problems, and a bad attitude.[3] He claims disability beginning at age 26.

**The Commissioner's decision**.  After considering the application, the Commissioner's ALJ determined Pettis has severe impairments — low back pain, pain disorder associated with both medical and psychological features, and cannabis

---

[1] SSA record at pp. 104 & 106 (applying for disability benefits on June 27, 2011 and alleging disability beginning on Jan. 20, 2009) & p. 131 (indicating first application was denied on Nov. 17, 2009).

[2] The alleged onset date coincides with Pettis's last day as an inventory counter. *Id*. at p. 136 (reporting work as inventory counter from Jan 20, 2008 to Jan. 20, 2009).

[3] *Id*. at p. 135.

abuse[4] — but he can do light work involving simple instructions and simple judgment.[5] Because a vocational expert identified available light work,[6] the ALJ concluded that Pettis is not disabled under the Social Security Act and denied the application.[7]

After the Commissioner's Appeals Council denied a request for review,[8] the decision became a final decision for judicial review.[9] Pettis filed this case to challenge the decision.[10] In reviewing the decision, the court must determine whether substantial evidence supports the decision and whether the ALJ made a legal error.[11]

---

[4]*Id*. at p. 10.

[5]*Id*. at p. 12.

[6]*Id*. at pp. 40-41.

[7]*Id*. at p. 16.

[8]*Id*. at p. 1.

[9]*See Anderson v. Sullivan*, 959 F.2d 690, 692 (8th Cir. 1992) (stating, "the Social Security Act precludes general federal subject matter jurisdiction until administrative remedies have been exhausted" and explaining that the appeal procedure permits claimants to appeal only final decisions).

[10]Docket entry # 1.

[11]*See* 42 U.S.C. § 405(g) (requiring the district court to determine whether the Commissioner's findings are supported by substantial evidence and whether the Commissioner conformed with applicable regulations); *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997) ("We will uphold the Commissioner's decision to deny an applicant disability benefits if the decision is not based on legal error and if there is substantial evidence in the record as a whole to support the conclusion that the

**Pettis's allegations of error**. Pettis challenges the determination that he can do light work. He contends pain prevents him from working. He challenges the evaluation of his credibility based on the ALJ's reliance on the lack of medical evidence. He contends the vocational expert identified jobs he cannot do, because those jobs require level 3 reasoning. At a minimum, he argues, the vocational expert should have explained why the identified jobs do not conflict with the Dictionary of Occupational Titles (DOT). For these reasons, he maintains substantial evidence does not support the decision.[12]

**Applicable legal principles**. For substantial evidence to support the decision, a reasonable mind must accept the evidence as adequate to show Pettis can do some light work.[13] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds."[14] The ALJ reduced light work by requiring work involving simple instructions and simple judgment. The court must determine whether Pettis can work within these limitations.

---

claimant was not disabled.").

[12] Docket entry # 11.

[13] *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009); *Britton v. Sullivan*, 908 F.2d 328, 330 (8th Cir. 1990).

[14] 20 C.F.R. §§ 404.1567(b) & 416.967(b).

**Substantial evidence supports the evaluation of Pettis's credibility**. An ALJ's determination about a claimant's ability to work must be supported by medical evidence; a claimant's subjective allegations are not enough to prove he is disabled.[15] This case is remarkable for the lack of medical evidence, because Pettis has sought little medical treatment.[16] Failing to seek medical treatment weighs against Pettis's credibility,[17] but the failure was only one aspect of the ALJ's credibility evaluation.

Available medical evidence shows no physical limitations. Pettis identified back and shoulder pain as his primary impairments, but diagnostic imaging shows no

---

[15]42 U.S.C. § 423 (d)(5)(A) ("An individual's statement as to pain or other symptoms shall not alone be conclusive evidence of disability…; there must be medical signs and findings, established by medically acceptable clinical or laboratory diagnostic techniques, which show the existence of a medical impairment…which could reasonably be expected to produce the pain or other symptoms alleged and which…would lead to a conclusion that the individual is under a disability"); 20 C.F.R. §§ 404.1508 & 416.908 ("A physical or mental impairment must be established by medical evidence consisting of signs, symptoms, and laboratory findings, not only by your statement of symptoms.").

[16]*See* SSA record at pp. 207-10 (May 3, 2010 emergency room visit for complaints of back pain and headaches; treating provider diagnosed urinary tract infection, back pain, and headache) & p. 256-58 (Sept. 27, 2012 emergency room visit for swelling in elbows and under right arm; treating provider prescribed an antibiotic and Motrin).

[17]*Dunahoo v. Apfel*, 241 F.3d 1033, 1038 (8th Cir. 2001) ("The ALJ may discount complaints of pain if they are inconsistent with the evidence as a whole."); *Partee v. Astrue*, 638 F.3d 860, 865 (8th Cir. 2011) ("The ALJ may discredit a claimant based on inconsistencies in the evidence.").

basis for disabling pain.[18] The agency physical examiner found no limitations.[19] The agency medical experts classified Pettis's impairments as "non severe."[20]

Over the counter drugs relieve Pettis's headaches.[21] Pettis has no radiating back pain.[22] On the single occasion he sought medical treatment for back pain, he had a urinary tract infection;[23] lower back pain is a common symptom of a urinary tract infection.

The medical evidence shows nothing preventing light work. "[T]he mere fact that working may cause pain or discomfort does not mandate a finding of disability."[24] Pettis can work with his back pain; he testified that he would deal with his pain if he was working.[25] The ALJ did not err in evaluating credibility because Pettis's complaints are inconsistent with the evidence as a whole.[26] A reasonable

---

[18] SSA record at pp. 215-16 (negative xrays of back and shoulders).

[19] *Id*. at p. 226.

[20] *Id*. at pp. 230 & 233.

[21] *Id*. at pp. 32-33 & 207.

[22] *Id*. at p. 207.

[23] *Id*. at p. 210.

[24] *Jones v. Chater*, 86 F.3d 823, 826 (8th Cir. 1996).

[25] SSA record at p. 35.

[26] *Dunahoo v. Apfel*, 241 F.3d 1033, 1038 (8th Cir. 2001).

mind would accept the evidence as adequate to show Pettis can do light work because Pettis has no physical limitation and he Pettis sought no medical treatment.

**The vocational expert identified work Pettis can do**. When asked about available light work, the vocational expert identified three representative jobs: security gate keeper, packing and shipping clerk, and file clerk.[27] According to DOT, the maximum level of reasoning for the identified jobs is level 3.[28] Level 3 requires the ability to "apply commonsense understanding to carry out instructions furnished in written, oral, or diagrammatic form" and "[d]eal with problems involving several concrete variables in or from standardized situations."[29]

The ALJ asked the vocational expert about work involving simple instructions and simple judgment,[30] but did not limit the vocational expert to jobs requiring level 3 reasoning. Nothing in the record suggests the vocational expert ignored the ALJ's

---

[27]SSA record at pp. 40-41.

[28]*Wheeler v. Apfel*, 224 F.3d 891, 897 (8th Cir. 2000) (explaining that DOT's generic job descriptions provide approximate maximum requirements; "not all of the jobs in every category have requirements identical to or as rigorous as those listed in the DOT").

[29]Dictionary of Occupational Titles, App. C.

[30]SSA record at pp. 39-40.

6

limitations in identifying available work.[31]  Instead, the vocational expert confirmed the identified jobs meet the ALJ's requirements.[32]  There was no need to explain a conflict because no conflict existed.

Nothing shows Pettis cannot use common sense understanding or deal with concrete variables.  His former job as a hospital security guard for federal prisoners requires level 3 reasoning.  Pettis says he can't do that job because prolonged sitting causes back pain, not because the job exceeds his reasoning capacity.[33]  The vocational expert's testimony shows work exists that Pettis can do regardless of whether such work exists where he lives, whether a job vacancy exists, or whether he would be hired if he applied for work.[34]

**Conclusion**.  Substantial evidence supports the ALJ's decision because a

---

[31] *Whitehouse v. Sullivan*, 949 F.2d 1005, 1006 (8th Cir.1991) (" Even though the expert did not specifically recite those factors in his answers, the ALJ could properly assume that the expert framed his answers based on the factors the ALJ told him to take into account.").

[32] SSA record at p. 40.

[33] *Hillier v. SSA*, 486 F.3d 359, 367 (8th Cir. 2007) (agreeing that claimant who can understand, remember, and follow simple, concrete instructions can work as a cashier; tension existed "in the abstract" between being able to understand, remember, and follow simple, concrete instructions and working as a cashier, but claimant previously worked as a cashier; no evidence showed decline in mental capacity since working as cashier).

[34] 42 U.S.C. § 1382c(a)(3)(B) (defining disability under social security law).

reasonable mind would accept the evidence as adequate to support the decision. The ALJ made no legal error. For these reasons, the court DENIES Pettis's request for relief (docket entry # 2) and AFFIRMS the Commissioner's decision.

It is so ordered this 12th day of January, 2015.

_____
United States Magistrate Judge